IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES TOLLIVER                                                        PLAINTIFF

v.                                              Civil No. 1:20-cv-00180-HSO-RHWR

ANDREW MILLS                                                           DEFENDANT

REPORT AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE

BEFORE THE COURT is the [37] Motion for Summary Judgment, filed by

Defendant Andrew Mills. Plaintiff Charles Tolliver has filed a [39] Response. For the

reasons that follow, the undersigned United States Magistrate Judge recommends

granting Defendant Andrew Mills' [37] Motion for Summary Judgment and

dismissing this case with prejudice.

I. BACKGROUND

Pro se Plaintiff Charles Tolliver ("Plaintiff" or "Tolliver"), proceeding *in forma*

*pauperis*, filed a [1] Complaint pursuant to 42 U.S.C. § 1983 in this Court on May 29,

2020. At that time, Plaintiff was incarcerated at the South Mississippi Correctional

Institution ("SMCI") in Leakesville, Mississippi. Compl. [1] at 2. The [1] Complaint

names Andrew Mills ("Defendant" or "Mills"), in his individual capacity, as

Defendant. *Id*.

Plaintiff's [1] Complaint alleges that Mills violated his constitutional right to be

free from racial discrimination. *See id*. at 3. Specifically, Plaintiff alleges that Mills

destroyed his television set because he is black. *See id*. However, Plaintiff also alleges

that Mills destroyed his television set in retaliation for filing previous lawsuits

against him. *See id.* In relief, Plaintiff seeks the replacement of his television set, which according to him is valued at $225.95 plus tax. *Id.* at 5.

On October 7, 2021, Defendant Mills filed the instant [37] Motion for Summary Judgment asserting qualified immunity as to the individual capacity claims against him. Def.'s Mem. in Supp. [38] at 4. Mills argues that Plaintiff has failed to show a violation of clearly established law with respect to his race discrimination, retaliation, or property deprivation claims. *Id.* at 5-12. In [39] Response, Plaintiff argues that Mills is not entitled to qualified immunity for two reasons: (1) Mills has allegedly since been fired by the Mississippi Department of Correction and (2) Mills exceeded his discretion. *See* Pl.'s Resp. [39] at 3.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). When the non-movant fails to respond to a summary judgment motion, the movant's facts are left undisputed. *Flowers v. Deutsche Bank Nat. Trust Co.*, 614 F. App'x 214, 215 (5th Cir. 2015) (per curiam) (citing *Eversly v. MBank Dallas*, 843. F.2d 172, 174 (5th Cir. 1988)). Accordingly, summary judgment is appropriate if the court finds that the

"undisputed facts are material and entitle the movant to judgment as a matter of law." *Id*

## III. <u>DISCUSSION</u>

### A.   **Relevant Legal Authority**

"Qualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quotation omitted). "[I]t protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quotation omitted). "[O]nce properly raised by the defendant, the plaintiff has the burden to negate the assertion of qualified immunity." *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) (quotation omitted).

The plaintiff must make two showings to survive summary judgment based on qualified immunity. *Baldwin v. Dorsey*. 964 F.3d 320, 325 (5th Cir. 2020). First, the plaintiff must show the defendant violated his constitutional rights. *Baldwin,* 964 F.3d at 325; *see also Pearson*, 555 U.S. at 232. Second, the plaintiff must show the asserted right was clearly established at the time of the alleged misconduct. *Baldwin*, 964 F.3d at 325. A court may consider either condition first, and if either condition does not obtain, then the defendant is immune. *Morgan v. Swanson*, 659 F.3d 359, 385 (5th Cir. 2011) (en banc).

### B.   **Analysis**

Liberally construed, *see Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008), Tolliver's pro se complaint advances three claims against Mills stemming from the alleged destruction of his television set: (1) race discrimination,

(2) retaliation, and (3) property deprivation. Because Mills invokes qualified immunity, Tolliver bears the burden – on each of claim – of "rebut[ting] the defense by establishing that [Mills] allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct.'" *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) (quoting *Gates v. Tex. Dep't of Prot've & Reg'y Servs.*, 537 F.3d 404, 419 (5th Cir. 2008)). The Court addresses each claim in turn.

1.    Tolliver's Race Discrimination Claim

Because Tolliver did not state which federal constitutional right or statutory provision, he seeks to bring his race discrimination claim under, s*ee* Compl. [1] at 3, the Court liberally construes his pro se complaint to assert the claim under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

"To state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff 'must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Priester v. Lowndes Cty.*, 354 F.3d 414, 424 (5th Cir. 2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)). "A prisoner must show that the prison official acted with a discriminatory purpose and thus cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination. Vague and conclusory allegations [of discrimination] are insufficient to raise an equal protection claim." *Jebril v. Joslin*, Civ No. C-07-436, 2008 WL 416240, at *8 (S.D. Tex. Feb. 12, 2008) (citing *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)

In this case, Tolliver contends that Mills engaged in racial discrimination by destroying his television set. Compl. [1] at 3-4. Tolliver aleges that "[o]n February 14, 2020, [Mills] snatched the cable connected to my television from the outside of the window concluding in the destruction of my personal property." *Id*. at 4. Tolliver's complaint provides no further explanation as to how this alleged action demonstrates racial discrimination. Therefore, Tolliver's complaint clearly fails to allege that he received treatment different than other similarly situated individuals or that Mills acted with a discriminatory intent.

However, the grievance Tolliver filed through the prison Administrative Remedy Program and his Response to the Motion, offer some explanation. In both, Tolliver asserts that alleged action constitutes racial discrimination because Mills did not also destroy the television set belonging to a "white guy" right next to him. *See* Ex. "A" [37-1] at 4; *see also* Resp. [39] at 3. Such a conclusory assertion, without citation to any record evidence or facts beyond the pleadings, however, cannot overcome a motion for summary judgment. And Tolliver's personal belief that he is a victim of racial discrimination is insufficient to state a race discrimination claim.

Moreover, Tolliver's own recounting of events undercuts the assertion that he was treated differently based on his race. As Tolliver explains:

> K9 Officer Keys and D. Warden Mills walking eastward from Bravo (2) when Mills began pulling strings, bottles and items from windows peeking in to observe. Upon reaching my window, the inmate on Charlie (1) A Zone yelled for me but I'd made it too late.

Compl. [1] at 5 [all sic in original]. Thus, by Tolliver's own admission, Mills alleged act of destroying his television set was not the product of differential treatment or

discriminatory intent, but one in a series of acts alleged acts of property destruction. Therefore, assuming arguendo that Tolliver's allegations are true, Mills did not treat him differently than any other prisoner whose cell he passed.

Because Tolliver has failed to establish that the treatment he allegedly received was different than any other similarly situated individual and that the treatment stemmed from a discriminatory intent, he has failed to state a race discrimination claim. Therefore, Tolliver has failed to carry his burden of demonstrating that Mills violated a statutory or constitutional right. Accordingly, Tolliver has failed to overcome Mills' entitlement to qualified immunity, and Mills' motion for summary judgment should be granted with respect to the race discrimination claim.

2.   Tolliver's Property Deprivation Claim

Tolliver also appears to assert a separate property deprivation claim based on the alleged destruction of his television set. *See* Compl. [1] at 4. Because Tolliver did not state which federal constitutional right or statutory provision he seeks to bring this claim under, s*ee* Compl. [1] at 3, the Court liberally construes his pro se complaint to assert a property deprivation claim under the Fourteenth Amendment Due Process Clause.

When property is wrongfully taken by prison officials because of random and unauthorized acts, the claim of property deprivation is barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), overruled in part, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). It is well settled that intentional deprivations of property by state officials do not violate the Due Process Clause of the Fourteenth

Amendment if adequate post-deprivation remedies exist. *See Hudson*, 468 U.S. at 533. This holds equally true for claims of negligent deprivation. *See Daniels*, 474 U.S. at 330-31; *Davidson v. Cannon*, 474 U.S. 344 (1986). State law may provide an adequate post-deprivation remedy. *Hudson,* 468 U.S. at 531; *Marshall v. Norwood,* 741 F.2d 761, 763 (5th Cir. 1984).

Mississippi law affords at least two post-seizure remedies, including actions for conversion and claim and delivery. Miss. Code Ann. § 11–38–1 (claim and delivery); Miss. Code § 11-37-101 (replevin); *Wilson v. General Motors Acceptance Corp.,* 883 So.2d 56, 68-69 (Miss. 2004) (stating the elements for a conversion claim); *see also Johnson v. King*, 85 So. 3d 307 (Miss. App. 2012) (finding confiscation of inmate's drinking mug to violate the Takings Clause of the state constitution); *Lester v. Lee*, Civ No. 4:14-cv-3, 2014 WL 2505666, at *2 (N.D. Miss. Jun. 3, 2014) (finding that a plaintiff's remedy for the taking of property arises from Mississippi's Constitution and, therefore, is not foreclosed by the Mississippi Tort Claims Act's prohibition of inmates' claims against governmental entities and their employees acting within the course and scope of their employment). Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton,* 38 F.3d 183, 185 (5th Cir. 1994).

Here, because the State of Mississippi affords Tolliver an adequate post-deprivation remedy for the alleged deprivation of his property, no due process violation has occurred. Therefore, Tolliver has failed to carry his burden of demonstrating that Mills violated a statutory or constitutional right. Accordingly,

Tolliver has failed to overcome Mills' entitlement to qualified immunity, and Mills' motion for summary judgment should be granted on this claim as well.

3.    Tolliver's Retaliation Claim

Tolliver also appears to allege that Mills destroyed his television set in retaliation for past lawsuits filed against him. Compl. [1] at 4. Prison officials may not retaliate against prisoners for exercising their constitutional rights. *Zebrowski v. U.S. Fed. Bureau of Prisons*, 558 Fed. App'x. 355, 358 (5th Cir. 2014) (citing *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986)). This includes a prisoner's First Amendment right to file grievances, as retaliation has the potential to discourage exercising that right. *See Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected activities." *Reese v. Skinner*, 322 Fed. App'x. 381, 383 (5th Cir. 2009) (citing *Morris*, 449 F.3d at 684).

To successfully plead a retaliation claim, a prisoner "must establish that (1) he exercised a specific constitutional right, (2) [defendant] intended to retaliate against [him] for his exercise of that right, (3) [defendant] took a retaliatory adverse act, and (4) causation." *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017) (cleaned up) (citing *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008)). These requirements place a heavy burden upon inmates, because mere conclusionary allegations will not suffice; instead, the inmate must produce direct evidence of retaliation or, the more probable scenario, a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995). The inmate must allege

more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). And the retaliatory adverse act must be more than inconsequential or *de minimis*, that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

Because Tolliver alleges that Mills retaliated against him for previously filed lawsuits, *see Compl.* [1] at 3; he has alleged the exercise of a specific constitutional right, s*ee Bibbs*, 541 F.3d at 270; *see also Reese*, 322 Fed. App'x. at 383. However, it does not appear that Tolliver has ever actually filed any previous lawsuits against Mills. Nor has Tolliver provided any evidence to establish he has. *See* Resp. [39] at 4-5.

Where the form Complaint for Violation of Civil Rights asked Tolliver "[h]ave you filed other lawsuits in state or federal court dealing with the same facts involved in this action," he selected "No." Compl. [1] at 9. Likewise, where the form complaint asked Tolliver "[h]ave you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment," Tolliver selected "No." *Id.* at 9-10. Therefore, if Tolliver has never filed any previous lawsuits related to his conditions of confinement, it is not possible for him to have filed any previous lawsuits against Mills. Because Tolliver has failed to establish that he exercised his constitutional right to file a lawsuit, he has failed to establish the first element of a retaliation claim.

Instead, it appears that Tolliver's retaliation claim is based upon his personal belief that Mill's alleged actions were based upon their "prior adverse dealings." *See*

9

Resp. [39] at 4 ("Defendant's actions stemmed from prior adverse dealings (retaliation) between Plaintiff and the Defendant."). Such a conclusory assertion, without citation to any record evidence or facts beyond the pleadings, cannot overcome a motion for summary judgment. *See Woods*, 60 F.3d at 1166; *see also Woods v. Edwards*, 51 F.3d 577 (5th Cir. 1995) (affirming summary judgment where inmate's retaliation claim was based only on personal belief).

Because Tolliver has failed to establish that he exercised a specific constitutional right, he has failed to state a retaliation claim. Therefore, Tolliver has failed to carry his burden of demonstrating that Mills violated a statutory or constitutional right. Accordingly, Tolliver has failed to overcome Mills' entitlement to qualified immunity, and Mills' Motion for Summary Judgment should be granted on this claim as well.

## IV.  RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends granting Defendant Andrew Mills' [37] Motion for Summary Judgment and dismissing this case with prejudice.

## V.  NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he or she objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 23rd day of May 2022.

*s/ Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE