IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES TOLLIVER** | § § § | **PLAINTIFF** |
| v. | § § | Civil No. 1:20cv180-HSO-BWR |
| | § § | |
| **ANDREW MILLS, Deputy Warden** | § | **DEFENDANT** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [40], GRANTING DEFENDANT'S
MOTION [37] FOR SUMMARY JUDGMENT, AND DISMISSING
PLAINTIFF'S CLAIMS WITH PREJUDICE**

This matter comes before the Court on the Report and Recommendation [40] of United States Magistrate Judge Robert H. Walker, entered in this case on May 23, 2022, and the Motion [37] for Summary Judgment filed by Defendant Andrew Mills on October 7, 2021. Based upon a review of the pleadings and relevant legal authority, the Magistrate Judge recommended that Defendant's Motion [37] for Summary Judgment be granted and that Plaintiff Charles Tolliver's claims be dismissed with prejudice. R. & R. [40] at 10.

Based upon a review of the record, the Court finds that because Plaintiff has not produced evidence sufficient to raise a genuine dispute of material fact as to whether he was deprived of any federal constitutional or statutory right, the Report and Recommendation [40] should be adopted as to its conclusions that Defendant's Motion [37] for Summary Judgment should be granted and that Plaintiff's claims should be dismissed with prejudice.

I.  BACKGROUND

Plaintiff Charles Tolliver ("Plaintiff" or "Tolliver") is incarcerated at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.  *See* Compl. [1] at 2.  He claims that on February 14, 2020, Defendant Andrew Mills ("Defendant" or "Mills"), who is the deputy warden at SMCI, and another officer at the facility "began pulling strings, bottles, and items from windows peeking in to observe."  *Id.* at 5.[1]  According to Plaintiff, Mills "snatched the cable connected to [Plaintiff's] television from the outside of the window concluding in the destruction of my personal property."  *Id.* at 4.

On May 29, 2020, Plaintiff filed a Complaint [1] in this Court, naming Mills as the sole Defendant and advancing causes of action under 42 U.S.C. § 1983.[2]  *See id.* at 2-3.  Plaintiff alleges that, in destroying his personal property, Mills was discriminating against him based upon race and retaliating against him for a "suit filed against [Mills] in the past."  *Id.* at 3.  Liberally construing Plaintiff's pro se Complaint, he asserts § 1983 claims against Mills for: (1) racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment; (2) retaliation; and (3) property deprivation.  *See id.*

---

[1] Mills characterizes the event as a "shakedown."  Mem. [38] at 1.
[2] It is clear from Plaintiff's "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS," Compl. [1] at 1, that he only raises claims under § 1983, *see id.* at 3 (checking the box indicating that he was bringing a suit against "State or local officials (a § 1983 claim)").  He has not raised any state-law claims in any other filings.  As such, the record is clear that Plaintiff has not advanced any state-law claims in this case.  *See id.*

On October 7, 2021, Mills filed a Motion [37] for Summary Judgment, asserting that he is entitled to qualified immunity on Plaintiff's claims. *See* Mot. [37]; Mem. [38]. Mills argues that Plaintiff has failed to show a violation of clearly established law and that his actions were objectively reasonable. *See* Mem. [38] at 5-14. Mills maintains that Plaintiff's discrimination and retaliation claims fail because they are only based upon his subjective belief of discrimination and retaliation, and his mere conclusory allegations in this regard cannot withstand summary judgment. *See id.* at 6-9. Mills also attacks Plaintiff's retaliation claim on grounds that he has not produced evidence that he previously filed any lawsuit or grievance against Mills through the Mississippi Department of Corrections' Administrative Remedy Program ("ARP"), that the allegation is "vague and lacks the specificity required to even get it off the ground," and that the "one-time incident involving a minor sanction is insufficient to prove a case of retaliation." *Id.* at 8-9.

As for Plaintiff's property deprivation claim, Mills contends that "[t]his is not a constitutional claim and given that the State of Mississippi has adequate post-deprivation remedies in place for the unauthorized deprivation of Plaintiff's property, his remaining claims are barred by the *Parratt/Hudson* doctrine." *Id.* at 10; *see also Hudson v. Palmer*, 468 U.S. 517, 536 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Mills maintains that the State of Mississippi provides remedies for the deprivation of Plaintiff's property and cites the State's statutes for "claim and delivery" and

replevin, as well as cases concerning the Takings Clause under the Mississippi Constitution. *See* Mem. [38] at 11-12.

On May 23, 2022, the Magistrate Judge entered a Report and Recommendation [40] concluding that "Tolliver has failed to carry his burden of demonstrating that Mills violated a statutory or constitutional right" and "has failed to overcome Mills' entitlement to qualified immunity." R. & R. [40] at 10. After Plaintiff requested and received an extension of time to object to the Report and Recommendation [40], his deadline to file any objection was June 23, 2022. *See* Text Order, June 9, 2022. To date, Plaintiff has failed to file any Objection to the Report and Recommendation [40], and the time for doing so has passed. *See id.*

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Dyer v.*

4

*Houston*, 964 F.3d 374, 379 (5th Cir. 2020).   If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."   *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).   A court must "construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (quotation omitted).

Having conducted the required review, the Court finds that Plaintiff has not offered any competent summary judgment evidence that would create a material fact question as to any of his claims.   A threshold requirement for maintaining a § 1983 claim is to show a "a deprivation of a right secured by federal law."   *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).   Plaintiff has simply not done so.

Plaintiff has not presented competent evidence tending to show that he "received treatment different from that received by similarly situated individuals and that . . . the unequal treatment stemmed from a discriminatory intent," as required to support an Equal Protection violation.   *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015).   Nor has he submitted any evidence "from which retaliation may plausibly be inferred" from his exercise of a constitutional right.   *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *see also Lempar v. Livingston,* 834 F. App'x 966, 967 (5th Cir. 2021).   It is axiomatic that "[m]ere conclusionary allegations of retaliation will not withstand a summary judgment challenge."   *Woods*, 60 F.3d at 1166.

As for Plaintiff's property deprivation claim, the *Parratt/Hudson* doctrine dictates that "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quoting *Zinermon v. Burch*, 494 U.S. 113, 115 (1990)); *see Hudson*, 468 U.S. at 536; *Parratt,* 451 U.S. at 543-44. As Mills states in his Memorandum [38], and as the Magistrate Judge explains in the Report and Recommendation [40], Mississippi law affords Plaintiff adequate remedies. *See* R. & R. [40] at 7; Mem. [38] at 11-12. Because Plaintiff has not demonstrated that the State's postdeprivation remedies are not adequate, Mills' request for summary judgment on the property deprivation claim is well taken. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("The burden is on the complainant to show that the state's postdeprivation remedy is not adequate.").

In sum, the record reveals that Plaintiff failed to create a material fact question precluding summary judgment on any of his claims.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [40] of United States Magistrate Judge Robert H. Walker, entered in this case on May 23, 2022, is **ADOPTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [37] for Summary Judgment filed by Defendant Andrew Mills on October 7, 2021, is **GRANTED**, and Plaintiff Charles Tolliver's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of August, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE